UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DISH NETWORK L.L.C. F/K/A ECHOSTAR
SATELLITE L.L.C.,

          Plaintiffs,

          v.

ESPN, INC. and ESPN CLASSIC, INC.,

          Defendants.
----------------------------------------------------------------x

09-CIV-6875 (JGK)

**ANSWER OF DEFENDANTS ESPN, INC. AND ESPN CLASSIC, INC.**

**Filed Electronically**

      Defendants ESPN, Inc. and ESPN Classic, Inc. (together, "ESPN"), by their attorneys, Weil, Gotshal & Manges LLP, for their Answer to the Complaint ("Complaint") of plaintiff Dish Network L.L.C. f/k/a/ EchoStar Satellite L.L.C. ("Dish"), herein state:

      1. Deny the allegations contained in paragraph 1 of the Complaint, except admit that ESPN and Dish entered into a written agreement or around September 15, 2005, the terms of which speak for themselves, and that on or around June 8, 2009, Defendants received a letter from Dish which was dated June 9, 2009, relating to the relevant agreement, which speaks for itself. Defendants respectfully refer the Court to those documents for a complete and accurate statement of their terms.

      2. Admit that ESPN and EchoStar agreed pursuant to written contract that the federal and state courts located in the State of New York shall have exclusive jurisdiction to hear and determine any claims, disputes, actions or suits which may arise under or out of the agreement at issue and that the parties waived any right to make any claim to the contrary.

      3. Admit the allegations contained in paragraph 3 of the Complaint.

      4. Admit the allegations contained in paragraph 4 of the Complaint.

      5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint

7. Admit the allegations contained in paragraph 7 of the Complaint, except deny that defendant ESPN Classic, Inc. has a place of business at 306 Park Avenue South, New York, New York 10010.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Admit the allegations contained in paragraph 9 of the Complaint.

10. Admit the allegations contained in paragraph 10 of the Complaint.

11. Admit the allegations contained in paragraph 11 of the Complaint to the extent that the agreement that is the subject of this litigation contains a confidentiality provision setting forth the parties' obligations in connection therewith and respectfully refer the Court to the relevant agreement for a determination as to the scope and applicability of such provision.

12. Deny the allegations in paragraph 12 of the Complaint to the extent they purport to describe the Defendants' alleged obligations under the relevant agreement and respectfully refer the Court to that agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

13. Deny the allegations in paragraph 13 of the Complaint to the extent they purport to describe the Defendants' alleged obligations under the relevant agreement and respectfully refer the Court to that agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

14. Admit that paragraph 14 of the Complaint contains a partial excerpt from the relevant agreement, and respectfully refer the Court to that agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

15. Admit that paragraph 15 of the Complaint contains a partial excerpt from the relevant agreement, and respectfully refer the Court to that agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

16. Admit that paragraph 16 of the Complaint contains a partial excerpt from the relevant agreement, and respectfully refer the Court to that agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

17. Admit that paragraph 17 of the Complaint contains a partial excerpt from the relevant agreement, and respectfully refer the Court to that agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

18. Deny the allegations in paragraph 18 of the Complaint, except admit that Defendants issued certain press releases concerning Comcast Corporation and DirecTV, Inc. in May of 2009, and deny knowledge or information sufficient to form a belief with respect to Dish's understandings and beliefs.

19. Deny the allegations in paragraph 19 of the Complaint, except admit that on or around June 8, 2009, Defendants received a letter from Dish which was dated June 9, 2009, relating to the relevant agreement.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint.

<u>Answering the First Claim for Relief</u>

22. Defendants hereby incorporate the responses set forth in paragraphs 1 through and including 21 above as if set forth fully herein.

23. Deny the allegations in paragraph 23 of the Complaint, except admit that Dish has a contractual relationship with the Defendants under the relevant agreement.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

Answering the Second Claim for Relief

26. Defendants hereby incorporate the responses set forth in paragraphs 1 through and including 25 above as if set forth fully herein.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Deny the allegations in paragraph 28 of the Complaint.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

Answering the Third Claim for Relief

32. Defendants hereby incorporate the responses set forth in paragraphs 1 through and including 31 above as if set forth fully herein.

33. Deny the allegations in paragraph 33 of the Complaint to the extent they purport to impose obligations on the Defendants contrary to law or the relevant agreement and refer all questions of law to the Court for a determination of the parties' rights and obligations.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

<b>AFFIRMATIVE DEFENSES</b>

Without assuming the burden of proof where such burden properly rests with plaintiff, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefore, Defendants hereby assert the following defenses to the claims asserted in the Complaint:

<b>As And For A First Defense</b>

36. The Complaint fails to state a claim upon which relief may be granted.

### As And For A Second Defense

37. Dish's claims are subject to stay/abstention based upon prior action pending.

### As And For A Third Defense

38. The Complaint is subject to dismissal based upon documentary evidence.

### As And For A Fourth Defense

39. Dish has suffered no injury or damages.

### As And For A Fifth Defense

40. Dish has failed to mitigate its purported damages.

### As And For A Sixth Defense

41. Any damages which Dish claims to have sustained, or will sustain, as alleged in the Complaint were caused, and would be caused, in whole or in part by reason of the culpable conduct of Dish.

### As And For A Seventh Defense

42. Defendants have no obligation under the relevant agreement, or otherwise, to provide any Networks to Dish other than on the terms specified under the agreement at issue.

### As And For A Eighth Defense

43. Dish's claims are subject to dismissal on the grounds that its claims may be subject to collateral estoppel and res judicata.

### As And For A Ninth Defense

44. Dish alleges inconsistent remedies.

Dated: New York, New York
September 21, 2009

/s/ James W. Quinn

James W. Quinn (JQ-6262)
David L. Yohai (DY-8379)

Theodore E. Tsekerides (TT-5946)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
david.yohai@weil.com

*Attorneys for Defendants*