UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DISH NETWORK L.L.C. F/K/A ECHOSTAR
STATELLITE L.L.C.,

                Plaintiff,

  - against -

ESPN AND ESPN CLASSIC, INC.,

                Defendants.

---

09 Civ. 6875 (JGK)

<u>ORDER</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12/20/12

JOHN G. KOELTL, District Judge:

    The Court has reviewed the flurry of correspondence from the parties dated December 19, 2012 on the issue of whether two Dish employees should be able to be deposed after they have reviewed agreements between ESPN and various third parties. Those employees have not been permitted to review any of the agreements until now. They will be allowed to view 17 of the agreements shortly, and they will be able to review the redacted versions of three more agreements after the parties agree on the redacted versions that will be used for trial.

    It is plain that the Dish employees are potential trial witnesses and that Dish intends to use them to provide some testimony about a comparison of various provisions of the Dish/ESPN agreement and the ESPN agreements with third parties that the Dish employees will only now be allowed to see. Each side accuses the other of being responsible for the current

1

situation. The mutual recriminations are not particularly useful or constructive. What is clear is that the Dish employees may be potential witnesses on specific agreements that they have only recently been authorized to review. They could not have been previously deposed on the content of agreements that they had not seen. Therefore, they should be able to be deposed prior to trial on the subject of whatever testimony they may give about the third party agreements or how, if at all, their testimony is affected by their review of the third party agreements. To avoid further conflict and the request for further depositions, the depositions are to occur a reasonable time after those two employees have been permitted to review all of the agreements with the third parties that they will be permitted to review before trial, including the final redacted portions of the agreements that are currently the subject of discussions among the lawyers as to the proper redactions. These depositions should also be scheduled a reasonable time before trial and, in any event, at least one week before the next pre-trial conference. There is more than ample time to conduct those depositions before trial.

SO ORDERED.

Dated:   New York, New York
         December 19, 2012

                                            _____
                                                    John G. Koeltl
                                            United States District Judge

2