UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DISH NETWORK L.L.C. F/K/A ECHOSTAR  :
SATELLITE L.L.C.,                                              :   09-CIV-6875 (JGK) (FM)
                                                                       :
                       Plaintiff,                              :
                                                                       :
          v.                                                       :
                                                                       :
ESPN, INC. and ESPN CLASSIC, INC.,         :
                                                                       :
                       Defendants.                        :
------------------------------------------------------------------x

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE JOINT PRE-TRIAL ORDER

WEIL, GOTSHAL & MANGES LLP
Diane P. Sullivan
David L. Yohai
Theodore E. Tsekerides
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
david.yohai@weil.com

*Attorneys for Defendants ESPN, Inc. and ESPN Classic, Inc.*

Defendants ESPN, Inc. and ESPN Classic, Inc. (together, "ESPN" or "Defendants") respectfully submit this Opposition to Plaintiff Dish Network L.L.C. f/k/a EchoStar Satellite L.L.C. ("Dish" or "Plaintiff")'s motion to amend the joint pre-trial order to belatedly include a purported expert witness, Judith Meyka, on Dish's "may call" list.

## ARGUMENT

Dish cannot credibly depict its failure to include Ms. Meyka on the witness list in the pre-trial order ("PTO") as "inadvertent error." The PTO witness list is not the only document where Dish omitted Ms. Mekya and Dish provides no affidavit from its lawyers supporting its position that this was inadvertent error. On November 5, 2012, well before Dish filed the PTO, Dish formally served its initial witness list and it too omitted Ms. Meyka's name. See Declaration of David L. Yohai dated January 7, 2013 ("Yohai Decl."), Exhibit ("Ex.") A. The witness list was a short document and it is difficult to see how this could have been missed then. Two weeks later, Dish filed the PTO with the Court, and once again did not list Ms. Meyka on its witness list. Id. at Ex. B. In Dish's proposed voir dire, which Dish filed separately with the Court that same day, Dish included an exhibit of "Individuals Who May Testify At Trial." That exhibit listed 15 names in all – including three other experts expected to testify – but again not Ms. Meyka. Id. at Ex. C.

But this is not all. In emails between counsel in the days immediately prior to the filing of the PTO, the parties agreed as to the scope of potential expert testimony for the three other experts in the case by name—but Dish never once mentioned Ms. Meyka. Id. at Ex. D (November 17, 2012 emails between counsel for ESPN and Dish). And, on December 19, 2012, ESPN expressly informed the Court in writing that Dish "ha[d] withdrawn its liability expert (Judith Meyka)." Id. at Ex. E. Dish wrote two separate follow-up letters to the Court that day,

but never sought to clarify or mention that Ms. Meyka had somehow been inadvertently left off the witness list. Id. at Ex. F and Ex. G.

Taken together, Dish's actions do not allow for any credible interpretation other than that Dish made a tactical decision not to include Ms. Meyka on its witness list, and now wants a do-over. Indeed, it begs credulity that experienced trial counsel from two law firms would have simply "forgotten" to include an expert witness on multiple iterations of a witness list, and then fail to rectify the purported error, even after it was flagged in a letter, over the ensuing two months despite multiple opportunities to do so. Dish's hedging continues even now: in its present application, Dish wants to include Ms. Meyka as only a "may call" witness, even though it is the Plaintiff and should know whether or not it intends to call an expert witness in its case-in-chief. If Dish had thought that Ms. Meyka's testimony would be necessary to its case, it was obligated to include her on its witness list, and its "failure to name [her] at the appropriate time cannot be laid on anyone else's doorstep." Bronk v. Ineichen, 54 F.3d 425, 432 (7th Cir. 1995) (affirming exclusion of witness' testimony "after plaintiffs failed to name him on their pre-trial witness list pursuant to the district court's order"); see also Hogan v. Novartis Pharmaceuticals Corp., No. 11-2648-cv, 2012 WL 3711349 *1 (Aug. 29, 2012) (affirming denial of motion to amend joint pre-trial order to allow plaintiff's expert to testify at trial where "the problem [plaintiff] faced was clearly one of [its] own making," and where plaintiff's belated application was unduly prejudicial to defendant); Fed. R. Civ. P. 16(e) (providing that a court may modify a pre-trial order after the final pre-trial conference "only to prevent manifest injustice").

At this late date, ESPN would be substantially prejudiced by Dish's procedural gamesmanship. For over two months, ESPN has been preparing for trial with the understanding that Ms. Meyka would not be appearing at trial and has planned its case accordingly. Moreover,

2

given the *ipse dixit*, unreliable report that Ms. Meyka has proffered,[1] ESPN had begun outlining a motion to exclude Ms. Meyka's testimony at the time the parties filed their in limines, but Dish rendered those plans unnecessary with its decision not to call Ms. Meyka at trial. If Dish had included Ms. Meyka on its witness list in a timely manner, ESPN could have filed its motion at the same time that it filed its other motions, which would have been the fair and expedient way of proceeding for both the parties and the Court. Plainly, Dish should not be allowed to essentially shield Ms. Meyka from the rigors of a Daubert motion. There is even more prejudice, however. ESPN entered into certain agreements about the scope of expert testimony not touching on ultimate issues in this case with the understanding that Dish would not be calling Ms. Meyka whose very testimony only goes to the ultimate issues in this case. Indeed, her report essentially sets forth the various contract provisions and opines, with no study or relevant experience, that there must be an MFN violation. All of this would have been explained in more detail in ESPN's motion against Ms. Meyka, but Dish chose not to list her.

     ESPN respectfully submits that Dish should live by its choices on testimony. Time has grown short and ESPN does not want to spend its pre-trial preparation time now working up motions that could have been filed months ago. In any event, if the Court is inclined to grant Dish's belated application, ESPN should be entitled to move to preclude Ms. Meyka pursuant to Fed. R. Evid. 702 and 403, as ESPN had previously contemplated.

---

[1] As ESPN would show, if necessary, Ms. Meyka's testimony would be improper and should be excluded in any event. Her report, among other deficiencies, fails to identify how her experience led to any of her opinions, why her experience is a sufficient basis for any of her opinions, and how she applied her experience to the facts of this case. Her explanations regarding the most favored nations ("MFN") provision depend on a variety of *ad hoc* factors, thus rendering her testimony based on her experience alone unreliable. Moreover, her opinions impermissibly interpret the contract at issue and simply tell the jury what result to reach, usurping the role of the jurors rather than assisting them in making a decision. At bottom, Ms. Meyka's opinions would not assist the jury because it is simply her subjective interpretation of the MFN provision.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Dish's belated application to include Ms. Meyka on its "may call" list. To the extent that the Court grants Dish's request, ESPN respectfully requests leave to file a motion to exclude Ms. Meyka's testimony as unreliable and inadmissible under Fed. R. Evid. 702 and 403.

Dated: New York, New York  
January 7, 2013

Respectfully submitted,  
WEIL, GOTSHAL & MANGES LLP

By: *[signature]*  
Diane P. Sullivan  
David L. Yohai  
Theodore E. Tsekerides  
767 Fifth Avenue  
New York, New York 10153  
(212) 310-8000  
david.yohai@weil.com