# EXHIBIT E

**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
Direct Line:  212-310-8275
david.yohai@weil.com

December 19, 2012

BY FACSIMILE

Honorable John G. Koeltl
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  <u>**Dish Network L.L.C. v. ESPN, Inc., et al.**</u>, Case No. 09-CIV-6875 (JGK) (FM)

Dear Judge Koeltl:

We represent the ESPN Defendants in the above matter.  We write to inform the Court that despite the Court's ruling last evening at the pre-trial conference, Dish refuses to agree to the depositions discussed at the conference.  Attached to this letter is an email from October 30 with Mr. Ostrager where he specifically agreed to make the two witnesses (Carolyn Crawford and Christopher Kuelling) available for deposition if ESPN agreed to allow these witnesses to see the produced versions of the agreements.  ESPN would never have agreed to allow these witnesses to see the produced versions of the agreements without this agreement on the depositions.  Last night, however, Mr. Ostrager indicated he would not make them available for deposition despite the Court's ruling and despite his prior agreement that he would do so, as reflected in the attached email string.

Dish's position that these witnesses, who have no personal knowledge about these third party agreements, should be allowed to testify concerning these agreements without ESPN being given an opportunity to depose them as to what they will say is untenable.  Essentially, having withdrawn its liability expert (Judith Meyka), Dish now wishes to end-run the expert disclosure rules to create undisclosed expert witnesses and then deprive ESPN of the opportunity to know what those witnesses will say.  Such an outcome will give Dish an unjustified tactical advantage at trial and would be substantially prejudicial to ESPN.  There is no reason why the two witnesses cannot be deposed given that the case is still several weeks from trial.

Mr. Ostrager claims in his email that this was a pre-motion settlement proposal.  However, the Court seemed inclined to enforce the pre-motion agreement to allow the two witnesses to see the 17 agreements as produced.  If that is the case, the Court should enforce the whole agreement, which was that the witnesses would only use the information for purposes of this litigation and that they would make themselves available for deposition.  Accordingly, ESPN respectfully requests that the Court reaffirm its ruling at the pre-trial conference, and require Dish to produce the witnesses for deposition prior to January 17, 2013.

Respectfully Submitted,

David L. Yohai

US_ACTIVE:\44163843\1\44078.0021

**Weil, Gotshal & Manges LLP**

cc:  Barry R. Ostrager, Esq. (by e-mail)
     Dean R. Nicyper, Esq. (by e-mail)