# EXHIBIT F

SIMPSON THACHER & BARTLETT LLP
425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

DIRECT DIAL NUMBER

(212) 455-2655

E-MAIL ADDRESS

BOSTRAGER@STBLAW.COM

December 19, 2012

Re:   *DISH Network L.L.C. f/k/a/ Echostar Satellite L.L.C. v. ESPN, Inc., and ESPN Classic, Inc.*, No. 09 CIV 6875 (JGK) (FM)

Hon. John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Koeltl:

    Together with the Flemming Zulack firm, we represent DISH in the above-captioned matter. I write in response to ESPN's request to reopen discovery in connection with the third-party agreements—which are and have always been the underlying basis of all of DISH's claims—and which were the subject of the ruling your Honor made yesterday on DISH's Motion to Compel.

    First, having reviewed the prior exchanges between the parties, I believe Mr. Yohai's December 19, 2012 letter misrepresents the extent of our agreements during negotiations. It is true that nearly two months ago, in an effort to entirely avoid the motion practice that was the subject of yesterday's rulings, I exchanged correspondence with ESPN's counsel during which I proposed that if ESPN would allow two DISH witnesses to immediately review the third-party agreements and agree that these witnesses could testify at trial with respect to how these agreements implicated DISH's MFN, I would produce the two DISH employees for further depositions. ESPN rejected this offer on November 1—demanding that three of the agreements required further redactions before they could be shared—and it remains uncertain how close to trial DISH's witnesses will have an opportunity to review all the relevant documents, let alone be able to provide meaningful testimony about the documents.

    Significantly, I made this proposal (which ESPN totally rejected in favor of motion practice) notwithstanding that, during discovery, ESPN sought a witness to testify

BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES   PALO ALTO   SÃO PAULO   SEOUL   TOKYO   WASHINGTON, D.C.

SIMPSON THACHER & BARTLETT LLP

Hon. John G. Koeltl                          -2-                          December 19, 2012

about these very agreements, DISH produced witnesses to testify about the agreements, but ESPN chose not to ask DISH's designated 30(b)(6) witnesses questions about the agreements. Specifically, ESPN served a Rule 30(b)(6) deposition notice demanding that DISH produce a witness to testify about the factual basis for each of DISH's claims. Since the basis for each claim is, of course, one or more of the third-party agreements, DISH produced a witness on these topics and informed ESPN that DISH's witnesses would need to review the third-party agreements prior to the depositions. *See* DISH's Objections to Defendants' Amended Rule 30(b)(6) Deposition Notice, dated January 31, 2011 (relevant pages are attached hereto as Exhibit A) at Topics 6, 7, and 15. ESPN insisted that it would cover the third-party contract topics at the depositions, but withheld agreement on whether the witnesses could review the third-party contracts prior to the depositions. Ultimately, ESPN made a strategic decision not to ask DISH's 30(b)(6) witnesses any questions about the third-party agreements. Having chosen not to ask questions about the third-party agreements during discovery, which closed more than one year ago, ESPN should not be permitted to do so now, belatedly, on the eve of trial.

Allowing Defendants to take depositions now, nearly two months after ESPN successfully obstructed DISH's trial preparation, is burdensome and prejudicial to DISH. Because of Defendants' longstanding insistence on redactions, the two DISH witnesses still have never seen any of the third-party agreements and may not be able to devote time to examining the most critical third-party agreements until after the New Year. These documents are quite voluminous and will require substantial time to review, even by people knowledgeable about the industry. ESPN's suggestion that DISH in anyway has a "tactical advantage" at trial with respect to these documents is simply absurd. Particularly in light of the approach taken by ESPN with respect to DISH's 30(b)(6) witnesses, we think it unreasonable for DISH's witnesses to be preparing for depositions when they hardly have time to prepare to testify at trial.

By contrast, throughout discovery, ESPN's witnesses had unfettered access to these documents and were able to aid counsel in preparation for their depositions and the depositions of DISH's employees. Moreover, ESPN's witnesses are now preparing to testify at trial using material with which they are intimately familiar. And, as the Court noted at yesterday's hearing, ESPN surely knew during discovery that the only way this case could be prosecuted is for DISH to display a comparison of the agreements and explain to the jury how the provisions of the third-party agreements implicate DISH's MFN.

In short, because ESPN had to know that side-by-side comparisons of these documents would necessarily be presented to the jury, we submit that it is patently unfair for ESPN to benefit from the gamesmanship that has characterized their treatment of these third-party agreements. ESPN chose not to pursue discovery with respect to testimony DISH may give with respect to these documents in an effort to prevent DISH's witnesses from reviewing the agreements. We object to having discovery reopened because ESPN

SIMPSON THACHER & BARTLETT LLP

Hon. John G. Koeltl　　　　　　　　　-3-　　　　　　　　　December 19, 2012

successfully hid the most critical evidence in the case from DISH's witnesses until the *in limine* motions were decided.

Respectfully,

Barry R. Ostrager

cc: All Counsel