USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DISH NETWORK L.L.C.,                            :
f/k/a ECHOSTAR SATELLITE L.L.C.,
                                                :
                              Plaintiff,        :        **DISCOVERY ORDER**
                                                :
              -against-                         :        09 Civ. 6875 (JGK) FM
                                                :
ESPN, INC. AND ESPN CLASSIC, INC.,
                                                :
                              Defendants.
--------------------------------------------------------x

**FRANK MAAS,** United States Magistrate Judge.

      I have reviewed counsels' letter submissions dated January 15, 2013.  As set forth in those letters, the ESPN defendants wish to make, and plaintiff DISH Network opposes, certain additional redactions to ESPN's 2004 distribution agreement with DirectTv, Inc., and a 2007 letter agreement modifying the terms of that agreement, before those documents are shown to two DISH Network executives whose depositions are scheduled for early next week.  ESPN contends that these redactions are necessary because the information that would otherwise be disclosed is either irrelevant, or commercially sensitive, or both.  The scope of the permissible redactions is important not only with respect to the depositions, but because the documents may become trial exhibits, in which event Judge Koeltl has indicated they will be available to the public.

      It is, of course, clear that information that constitutes a trade secret or is otherwise sensitive may be redacted before a document is turned over in discovery. Istithmar World PJSC v. Amato, 12 Civ. 7472 (JFK), 2013 WL 66478, at *3 (S.D.N.Y. Jan. 7, 2013).  In an appropriate case, information also may be redacted if it is irrelevant to the issues that the finder of fact will be asked to decide.  Lapin v. Goldman, Sachs & Co., 04 Civ. 2236 (RJS) (DFE), 2009 WL 222788, at *3 (S.D.N.Y. Jan. 23, 2009).

      In this case, the only basis for the redactions that ESPN proposes is set forth in the Declaration of Justin Connolly, Senior Vice President of National Accounts for Disney-ESPN Media Networks Group, who states that he has reviewed the two contested documents and "can confirm that the redacted provisions consist of competitively-sensitive information that is not made available [to] non-parties to those agreements, like [DISH] or the public at large."  (Connolly Decl. ¶ 4).  Connolly also contends that certain of the text that ESPN proposes to redact deals with matters "that are not the subject of

[DISH]'s claims in this action." (Id. ¶ 7).  He further alleges that any disclosure to DISH personnel and the public of the information that ESPN seeks to withhold "would prejudice ESPN in its business dealings with [DISH] and other distributors." (Id. ¶ 8). Finally, Connolly identifies the general subject matter of the provisions ESPN seeks to redact. (Id. ¶¶ 5, 7).

As this summary suggests, the Connolly Declaration is wholly conclusory. Moreover, my own layman's review of the agreements and proposed redactions fails to confirm that the information that ESPN seeks to withhold is necessarily more sensitive or relevant than other information that ESPN has agreed to provide.  ESPN therefore has failed to meet its burden with respect to its application.  ESPN therefore is directed to turn over the two agreements forthwith with only the redactions to which DISH has agreed.

My determination that additional redactions are unjustified at this stage does not necessarily mean that the information that ESPN seeks to withhold should be shown to the jury or become part of a public record.  Moreover, the upcoming depositions may shed additional light on such issues as the relevance and commercial sensitivity of that information.  For those reasons, my ruling is limited to the issue of pretrial disclosure.  Following the completion of the depositions, if ESPN believes that it can make a compelling showing that one or more provisions of the two agreements should be redacted before the agreements are introduced as trial exhibits, it may make a further application, provided it does so expeditiously and only after conferring with DISH.  Any such application must contain a detailed explanation of the prejudice that ESPN allegedly will suffer.

SO ORDERED.

Dated:      New York, New York
            January 19, 2013

FRANK MAAS
United States Magistrate Judge

2

Copies to:

Hon. John G. Koeltl
United States District Judge

Dean R. Nicyper, Esq.
(212) 964-9200      (fax)

David Yohai, Esq.
(212) 310-8007      (fax)