SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000
FACSIMILE (212) 455-2502

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1/25/13

DIRECT DIAL NUMBER
(212) 455-2655

E-MAIL ADDRESS
BOSTRAGER@STBLAW.COM

BY FACSIMILE

January 24, 2013

Re:  *DISH Network L.L.C. f/k/a/ Echostar Satellite L.L.C. v. ESPN, Inc., and ESPN Classic, Inc.*, No. 09 CIV 6875 (JGK) (FM)

Hon. John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Dear Judge Koeltl:

> *[Handwritten annotation:]* Application denied. Dish did not seek to depose ESPN witnesses on anything other than the newly unredacted portions of the third party agreements. See Dish 1/14/13 letter at 2. Dish made no such request at the conference when the court ruled and has made no showing why the Court should change its ruling. So ordered.
> 
> [initials] 6/6/[?]
> U.S.D.J.
> 1/24/13

We can report that 7 hours of deposition testimony from DISH employees was adduced earlier this week. I write to clarify the scope of the ESPN depositions that will be taken next week. The transcript of last Friday's Court conference reflects that Your Honor initially ruled that both sides would be limited to questioning witnesses with respect to the newly unredacted portions of the third-party agreements (including the portions that Magistrate Judge Maas ruled this past Sunday should be unredacted). Your Honor expanded the scope of the DISH depositions to include questioning concerning any portions of the third-party agreements after Mr. Yohai stated the following regarding ESPN's decision not to show the third-party agreements to DISH's witnesses prior to their first depositions:

> "There wasn't any strategic issue to it. It was these two witnesses who are the very people who negotiate these contracts against us. And are exactly the people who under the protective order DISH agreed should not be allowed to see them. The protective order allowed DISH's inside counsel to see them and outside counsel to see those agreements."

In light of Mr. Yohai's characterization, we wish to bring to the Court's attention that the protective order, the relevant portion of which is attached to this letter, explicitly states that these "Highly Confidential" materials *can* be shown to deponents. Consequently, ESPN was granted a second opportunity on the eve of trial to do what they could have done a year ago. Meanwhile, DISH has only recently been able to review these third-party agreements with the DISH employees, who identified for ESPN during the depositions this week at least three MFN violations that were not incorporated into DISH's case because DISH's attorneys

SIMPSON THACHER & BARTLETT LLP

Hon. John G. Koeltl                                -2-                                January 24, 2013

could not identify the MFN triggers without consulting with the DISH employees who regularly work with these complex and inter-related distribution agreements.

  We respectfully request that under all the relevant circumstances, including the fact that ESPN withheld the third-party agreements from the DISH witnesses until December, DISH should be allowed to question the ESPN witnesses on the same subject matter on which ESPN questioned the DISH witnesses.

Respectfully,

Barry R. Ostrager

cc: All Counsel

JAN 24 2013 13:19 FR SIMPSON THACHER 212 455 2502 TO T#10232500003,9, P.04
Case 1:09-cv-06875-JGK-FM   Document 116   Filed 01/25/13   Page 3 of 4

Case 1:09-cv-06875-JGK-FM   Document 19   Filed 05/12/10   Page 7 of 14

10. Litigation Materials designated or treated as "Highly Confidential," copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

(a) outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation

(b) in-house counsel for the parties who are actively involved in the prosecution, defense or appeal of this litigation but who are not involved in licensing negotiations related to telecasting content;

(c) consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Highly Confidential" Litigation materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

(d) any person whose deposition is being taken in this action, but solely with respect to any third-party agreement produced in the litigation and solely if the producing party intends to utilize such third-party agreement (or any provision or section contained therein) at the deposition, in which case the producing party shall provide notice to the receiving party of such intention at least 48 hours in advance of the deposition;

(e) any person expressly identified in any "Highly Confidential" Litigation Materials as an author, a recipient, or having knowledge of the "Highly Confidential"

Litigation Materials, and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "Highly Confidential" Litigation Materials;

(f) any person employed by or affiliated with the party that produced the "Highly Confidential" Litigation Materials;

(g) the Court, and any members of its staff to whom it is necessary to disclose "Highly Confidential" Litigation Materials for the purpose of assisting the Court in this litigation;

(h) stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation;

(i) other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

11. Nothing in this Order shall allow non-testifying experts and consultants to be deposed or otherwise be the subject of discovery other than as provided under the Federal Rules of Civil Procedure.

12. (a) Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on "Confidential" or "Highly Confidential" Litigation Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the specific substance of Litigation Materials so designated except as otherwise allowed in this Order.

(b) If, at any time, any Litigation Materials in the possession, custody or control of any person other than the person who originally produced such Litigation Materials