USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/11/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DISH NETWORK L.L.C. F/K/A ECHOSTAR
STATELLITE L.L.C.,

                Plaintiff,

- against -

ESPN AND ESPN CLASSIC, INC.,

                Defendants.

---

09 Civ. 6875 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

The parties have submitted correspondence to the Court on various subjects. Only one subject appears to require immediate attention because it affects opening statements.

I.

The plaintiff seeks to use PX 76 and PX 126. The defendants seek to use DX 46 and 46. Each side objects to the other side's use of the documents during opening statements. None of the documents have a double asterisk indicating that the parties have agreed that they were admissible at trial. Each side relies on the Court's prior rulings either in an in limine motion or at the Final Pre-Trial Conference to support the argument that the documents will eventually be admitted in evidence.

The fact remains that before the parties present their evidence no documents have been admitted into evidence and no

1

document should be shown to the jury before it is in evidence; that includes the use of documents in opening statements. And, indeed, the Court's prior rulings may not have addressed all of the arguments with respect to the documents, but may only have ruled on issues, for example, of relevance. The Court would listen to the parties as to what the objections are to any documents that have not been stipulated to be admissible.

The Court made an exception to the usual rule of not showing to the jury documents not in evidence when the parties agreed to allow both sides to show documents that were stipulated to be admissible to the jury during opening statements. Because the parties have not agreed to the admissibility of the four documents at issue here, and there is no stipulation to their use during opening statements, they cannot be shown to the jury during opening statements.

In any event, opening statements are the opportunity to explain to the jury what the lawyers expect the evidence in the case to show, not an opportunity to present that evidence to the jury. There is of course, no bar to parties referring to evidence that the parties expect to be shown to the jury. (An obvious exception to this rule is that the parties cannot refer to evidence, such as the Vogel deposition, that the Court directed the parties not to refer to.)

II.

The Court will discuss objections to the exhibits to be used by the plaintiff and the defendants in the examination of Mr. Connolly on Monday morning before jury selection.

The Court will also discuss the correspondence in connection with the alleged stipulation with respect to the claim regarding section 3(f) of the Distribution License Agreement.

III.

The Court signed an order allowing four laptops per side. This was done on an emergency basis. The Court understands that a request for further laptops requires the approval of the Chair of the Technology Committee who was not available when the Court entered this order. If the parties need further laptops because of the technology needs of the trial, the parties should explain that to the Court on Monday. It is, however, difficult to see why the number of laptops sought was really necessary, including laptops for clients.

SO ORDERED.

Dated:   New York, New York
         February 9, 2013

_____
John G. Koeltl
United States District Judge